IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARJORIE BULLARD | § § § | |
| Plaintiff, | § § | |
| vs. | § § | No.: 5:17-CV-00530-DAE |
| TT GROUP INDUSTRIES, INC. and MICAH CARLTON, TRUSTEE OF TT ELECTRONICS 401(K) RETIREMENT PLAN | § § § § § § | |
| Defendants. | § | |

**DEFENDANT TT GROUP INDUSTRIES, INC.S' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Defendant TT Group Industries, Inc. ("Defendant") files this Response and Objections to Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses ("Motion"). *ECF* 39.

**I.  Introduction**

Under the Employee Retirement Income Security Act ("ERISA"), a district court "in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has required, as a condition to any award, that the recipient achieve "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). But any amount awarded must still be reasonable. *See id.* at 256 n.9. "The party seeking a fee award bears the burden of showing the reasonableness of the hours billed." *See Thomason v. Metro. Life Ins. Co.*, 2018 WL 1174086, at * (N.D. Tex. 2018) (citing *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006)). Here, Defendant contends that some of Plaintiff's fee entries are not reasonable for a variety of reasons outlined below.

1

## II. Some of The Entries Are Block-Billed And Vague, Which Prevents Any Way Of Knowing How Much Time Was Spent on What Topic

"Courts disfavor 'block billing,' which is a 'time-keeping method by which each lawyer . . . enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Id.* (quoting *Fralick v. Plumbers and Pipefitters Nat. Pension Fund*, 2011 WL 487754, at *4-*5 (N.D. Tex. 2011)). "Block billing prevents the court from accurately determining if the number of hours spent on any particular task was reasonable." *Id.* "When the court cannot determine the reasonableness of the hours expended because too many tasks are lumped together, the court applies a 10% reduction." *Id.*

Here, a number of Plaintiff's time entries are block-billed. For instance, Plaintiff's entries on April 4, 2017 list 11 separate tasks in two entries for a total of 6.3 hours. *ECF* 39-1, p. 4. Those include tasks such as "add'l client docs" and "initial intake." *Id.* Not only can Defendant not tell what those tasks entail, but it cannot determine how much time was spent on each task. Plaintiff has similar entries for April 5, 2017; April 10, 2017; May 10, 2017; June 14, 2017; July 5, 2017 (first entry); July 20, 2017; December 11, 2017; December 19, 2017; December 20, 2017 (first and third entry); January 3, 2018; January 25, 2018; January 26, 2018; January 29, 2018; February 2, 2018; and March 9, 2018. *See ECF* 39-1, pp. 4-5.

Because these entries are block billed, Defendant requests a 10% reduction in those fees for a total reduction of 3.6 hours.

## III. Plaintiff's Fees Relating to Her Motions Should Be Reduced Because A Number of Her Claims Were Barred by Precedent And Dismissed

"Time spent pursuing unsuccessful claims that were clearly without merit should be excluded" from any fee award. *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981). "However, the mere fact that the litigants did not succeed in obtaining a judgment on all of the claims asserted

does not mean that time spent pursuing these claims should automatically be excluded." *Id.* Instead, the court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case." *Id.*

Here, Plaintiff alleged a number of claims that the Court ultimately denied and that did not contribute to the success of her one successful claim. Hours spent pursuing those claims should therefore be denied or reduced.

### A. *Plaintiff's state law claims were dismissed*

Initially, Plaintiff asserted state law claims for breach of contract and breach of trust. *See ECF* 1-4, pp. 4-5. When she filed her Original Petition, she did not assert a claim under ERISA. *See ECF* 12, pp. 2-3 n.1 (court noting that Plaintiff "has not asserted a claim under ERISA" in her Original Petition). Yet, when Defendants removed the case and moved to dismiss those state law claims, Plaintiff did not dispute that her state law claims were preempted by ERISA. *See generally ECF* 8. As a result, the Court dismissed those claims. *See ECF* 12, pp. 5-7.

Despite having those claims dismissed, Plaintiff now seeks 13.1 hours of fees for "drafting pleadings," research, and drafting a response to the motion to dismiss. *See ECF* 39-1, p. 4 (Motion with dates 5/9/17, 9/8/17, 9/10/17, 9/11/17). Because those claims did not contribute to Plaintiff's success in this lawsuit and the claims were unsuccessful from the start (as shown by Plaintiff not defending them in her response to the motion to dismiss), those hours should be denied entirely or reduced. If the Court allows the fees, Defendants request a reduction to 3 hours.

### B. *Two of Plaintiff's ERISA claims were barred by Fifth Circuit and Supreme Court precedent and all of her claims against Carlton were dismissed*

The same applies to some of Plaintiff's claims under ERISA. Plaintiff asserted three claims under ERISA: §§ 1132(a)(1)(B) (denial of benefits), (a)(2) (breach of fiduciary duty), and (a)(3)

3

(equitable relief). She asserted those claims against TT Group and Micah Carlton, the Plan trustee. The Court granted summary judgment to Defendants for the breach-of-fiduciary duty and equitable-relief claims because they were explicitly barred by Supreme Court and Fifth Circuit precedent. *See ECF* 38, pp. 18-21 (holding that the (a)(2) claim was barred by *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634 (5th Cir. 1999) and the (a)(3) claim was "barred by *Varity Corp. v. Howe*, 516 U.S. 489 (1996).").

Despite controlling precedent directly on point that her breach of fiduciary duty claim was barred, Plaintiff nonetheless spent all of her Motion for Summary Judgment arguing that Defendants breached their fiduciary duty. *See ECF* 29, pp. 1-20. Once Defendants argued in their Response that Fifth Circuit precedent explicitly barred her breach-of-fiduciary claims, *ECF* 31, pp. 11-15, Plaintiff rearranged her arguments in her next filing to instead focus on her denial-of-benefits claims. *See ECF* 33, pp. 4-17. She nonetheless continued to assert her breach-of-fiduciary claim.

In addition, the Court dismissed all of Plaintiff's claims asserted against Micah Carlton (the Plan's trustee) because those claims were barred by ERISA itself. *See ECF* 38, pp. 18, 22 (citing 29 U.S.C. § 1132(d)(2)).

Plaintiff now seeks 20.8[1] hours for drafting her Motion for Summary Judgment in which she asserted claims barred by the Supreme Court, the Fifth Circuit, and ERISA itself. Admittedly, the Court did grant summary judgment to Plaintiff on one of her claims, but a number of hours and resources were spent "pursuing unsuccessful claims that were clearly without merit." *See Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981). Therefore, those hours (or an approximation)

---

[1] Plaintiff seeks 20.8 hours from the following dates: 3/1/18, 3/5/18, 3/10/18, 3/18/18, 3/19/18. *See ECF* 39-1, p. 5.

4

"should be excluded" from any fee award. *See id.* Defendant requests a reduction of 15 hours for Plaintiff pursuing those unsuccessful claims against Defendants.[2]

## IV. Some of Plaintiff's Entries Are Excessive and Not Reasonable or Duplicative

Plaintiff seeks 3.2 hours of time for "corr. opp. Counsel re: offer of settlement." *ECF* 39-1, p. 4 (for 9/29/17). The only correspondence Defendant received on that date was a half-page letter in which Plaintiff demanded her attorneys' fees, the amount in her account, and growth. *See* letter attached as Exhibit A. Defendant believes 3.2 hours is excessive for a half-page letter, and requests a reduction to 0.5 hours.

Plaintiff also seeks 5 hours on what appear to be duplicative claims. On December 20, 2017, Plaintiff seeks 2.7 hours for "reviewed Mtn for Prot. Order; research and draft response." *ECF* 39-1, p. 4. She then seeks, for that same day, 2.3 hours for "rev. emergency motion; outline response." *Id.* The only "emergency motion" filed on that day was the same protective order mentioned in Plaintiff's first entry. *See ECF* 13. Because Plaintiff seeks time for duplicative work on the same motion and response, Defendant requests that the Court deny one of the 12/20/17 entries.

The same is true for Plaintiff's entries on 12/26/17 in which Plaintiff's first entry is for "*revisions and filing* of Response to Motion for Prot. Order" but the next entry that same day is also for "final revisions and filing of motion" for protective order. *ECF* 39-1, p. 4 (emphasis added). Because Plaintiff seeks time for duplicative work on the same motion and response, Defendant requests that the Court deny one of the 12/26/17 entries.

---

[2] Defendant does not object to Plaintiff's time for drafting her Response to Defendants' Motion for Summary Judgment.

5

## V. Plaintiff is not entitled to prejudgment interest on her fees

While not mentioned in her Motion, Plaintiff's proposed order seeks prejudgment interest on her requested attorneys' fees. *See ECF* 39-2. Plaintiff does not explain or identify the law that allegedly permits her to obtain prejudgment interest on attorneys' fees, and Defendant has found none. The law instead holds that a party cannot recover prejudgment interest on attorneys' fees. *See Humphrey v. United Way of the Tex. Gulf Coast*, 2008 WL 5070057, at *8 (S.D. Tex. 2008) (holding that prejudgment interest will not accrue "on the attorneys' fees awarded").

## VI. Conclusion

For the above reasons, Defendant requests a reduction of 34.9 hours from the fee entries identified above.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (Fax)

By: */s/ Jose A. Gonzalez*
CLARA B. BURNS
State Bar No. 03443600.
Clara.Burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 24067670
abe.gonzalez@kempsmith.com

Attorneys for Defendants

1615483v.1 20128/00100

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Cyrus F. Rea II, 110 Broadway, Suite 560, San Antonio, Texas 78260.

                                              */s/ Jose A. Gonzalez*
                                              JOSE A. GONZALEZ

1615483v.1 20128/00100